IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON REEP**                                                                                                          **PLAINTIFF**

VS.                              CASE NO.: 4.23-CV-00746-LPR

**MALCO THEATRES, INC.; MICHAEL HUGGINS,**
individually and in his capacity and association with Malco
Theatres, Inc.; **ROBERT HARRINGTON**, individually
and in his capacity and association with Malco Theatres, Inc.;
**DAVID CRUTCHFIELD**, individually and in his capacity and
association with Monticello Police Department;
**WALTER (HANK) HOLLINGER**, individually and in his
capacity and association with Monticello Police Department;
**JOSEPH BRETT NORTON**, individually and in his capacity
And association with Monticello Police Department;
**MONTICELLO POLICE DEPARTMENT;** and
**JOHN DOES (1-10)**                                                                                          **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF ROBERT HARRINGTON'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Defendant, Robert Harrington ("Mr. Harrington"), individually and in his capacity and association with Malco Theatres, Inc., and submits this Memorandum of Law in Support of his Motion for Judgment on the Pleadings Pursuant to Federal Rules of Civil Procedure 12(c). Mr. Harrington would respectfully show the Court:

### I. INTRODUCTION

On April 10, 2023, Jason M. Reep ("Mr. Reep"), a former employee of Malco Theatres, Inc. ("Malco"), filed his Complaint in this matter. The Complaint includes six counts against various defendants. The counts consist of malicious prosecution, violation of 42 USC § 1983, defamation, abuse of process, negligence, and tort of outrage. (*See* Complaint at Count I, Count

1

II, Count IV [sic], Count V, Count VI, and Count VII). Mr. Harrington requests that the Court dismiss the suit against him individually for lack of personal jurisdiction, as Mr. Harrington is a Tennessee resident and has not had sufficient minimum contacts to the state of Arkansas, or availed himself to Arkansas law in such a way that permits this Court to exercise personal jurisdiction.

All claims brought against Mr. Harrington should be dismissed, as the statutes of limitation has run on all but one claim, and the remaining claim was plead insufficiently. According to the Complaint, all events giving rise to the counts occurred in January through June of 2019, almost four years before the Complaint was filed. The statute of limitations for defamation, abuse of process, negligence, and tort of outrage are each three years. 42 USC § 1983 does not apply to Mr. Harrington. However, if §1983 did apply, the statute of limitations is three years.

Mr. Reep's claim for malicious prosecution must fail, as he did not specifically allege the necessary elements, or plead sufficient facts upon which the elements can be inferred.

Because the Court lacks personal jurisdiction, the statute of limitations has run on claims made by Mr. Reep, and because he has not alleged facts or elements to support the claims, Mr. Harrington respectfully requests that the Court grant Mr. Harrington's judgment on the pleadings pursuant to FRCP 12(c).

## II. LAW AND ARGUMENT

### A. STANDARD OF REVIEW APPLICABLE TO A RULE 12(c) MOTION

The instant Motion requests dismissal pursuant to FRCP 12(c). For a FRCP 12(c) Motion, the Court "must assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Egziabher v. Parks*, No. CIV. 11-5088, 2012 WL 912933, at *1 (W.D. Ark. Mar. 16, 2012). A 12(c) Motion has the same standard as a 12(b)(6) Motion. *Id.*

Mr. Reep has filed a facially-defective Complaint. The statutes of limitations have run on all but one of the counts in the Complaint. The remaining count in the Complaint was not properly plead. As such, the Complaint should be dismissed.

## B. THE COURT LACKS PERSONAL JURISDICTION OVER MR. HARRINGTON.

The claims against Mr. Harrington should be dismissed, as this Court lacks personal jurisdiction over Mr. Harrington. To determine whether this Court may exercise specific personal jurisdiction over Mr. Harrington, the Court must determine whether Mr. Reep has proven that Mr. Harrington "has certain minimum contacts with the forum state and whether [Mr. Reep's] claims arise out of or relate to [those] contacts." *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023) (internal citation omitted). The United States Court of Appeals for the Eighth Circuit has stated:

> [i]n deciding whether the totality of the circumstances establishes specific jurisdiction, we consider the following factors, with the first three carrying the greatest weight: "(1) the nature and quality of [Mr. Harrington's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

*Id.* The claims against Mr. Harrington are intentional torts in nature. This produces additional factors, found in the effects test. *Id.* Under the effects test:

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state].

*Id.* Mr. Harrington lives in Tennessee (*See* Affidavit of Service for Robert Harrington, Doc. 1, P. 26). Mr. Reep's Complaint fails to allege any factual allegations concerning the nature and quality of Mr. Harrington's contacts with Arkansas, how many contacts he has had with Arkansas, or the

3

relation of the cause of action to his alleged contacts with Arkansas. The only allegation in the Complaint concerning Mr. Harrington is that he was employed by Malco as Vice President and CFO (Doc. 2, p. 2. ¶ 5), and the conclusory allegation that Mr. Harrington is vicariously liable for the statements, acts, and omissions of other parties. (Doc. 2, pp 2-3, ¶ 7). Mr. Reep's failure to establish the first three elements for determining specific jurisdiction discussed *supra*, the three elements carrying the greatest weight, Mr. Reep cannot establish specific jurisdiction over Mr. Harrington.

Not only does Mr. Reep fail to allege facts to support the elements for specific jurisdiction, he does not plead any factors to support the effects test. The effects test requires that "tortious acts can serve as a source of personal jurisdiction **only** where the plaintiff makes a prima facie showing" that Mr. Harrington's acts were "intentional", "uniquely expressed or aimed" at Arkansas, "**and** caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered" in Arkansas. *Id.* (emphasis added). Mr. Reep has pled no facts Mr. Harrington did, or said, anything that would support an inference or conclusion that Mr. Harrington intentionally committed any acts, uniquely aimed anything toward the state of Arkansas, or caused any harm. The Complaint contains mere conclusory statements that harm was caused, without giving any specific instances of harm or damages, or what Mr. Harrington did to cause the illusory harm or damage.

Mr. Reep would have this Court extend personal jurisdiction beyond what is constitutionally allowed in order to bring personal claims against Mr. Harrington, solely because he is an officer of a company that owns the company that is a defendant in this case. (*See* Complaint at ¶ 5). Mr. Reep's failure to allege any personal contacts between Mr. Harrington and the state of Arkansas prevents the Court from exercising personal jurisdiction over any claims brought

4

against Mr. Harrington. The 14th Amendment to the United States Constitution does not allow a state to "deprive any person of life, liberty, or property, without due process of law…." If this Court exercised personal jurisdiction over Mr. Harrington, it would be a direct violation of his Fourteenth Amendment right to due process. Because this Court may not exercise personal jurisdiction over Mr. Harrington, judgment on the pleadings dismissing the case against Mr. Harrington should be granted.

## C. ALL CLAIMS AGAINST MR. HARRINGTON SHOULD BE DISMISSED PURSUANT TO FRCP 12(c).

In the event the Court declines to enter a judgment or decision on the basis of lack of personal jurisdiction, the Court should grant Mr. Harrington a judgment or dismissal on the pleadings pursuant to FRCP 12(c).

### 1. MALICIOUS PROSECUTION WAS NOT PROPERLY PLEAD

Malicious Prosecution consists of, "(1) a judicial proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) lack of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Taylor v. Doss*, 494 S.W.3d 456, 458 (2016). The Supreme Court has held, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (internal citation omitted). In the case at bar, Mr. Reep does not even produce a complete formulaic recitation of elements, let alone provide anything beyond. Mr. Reep's claim for malicious prosecution must fail and the Court should dismiss it.

Mr. Reep fails to plead any malice on the part of Mr. Harrington. Mr. Reep merely states that "as a result of Defendants' malicious prosecution…." (See Complaint at ¶ 43). Throughout the Complaint, Mr. Reep consistently fails to plead facts to support the necessary elements of the

5

claim for malicious prosecution. Along with failing to plead any malice on the part of Mr. Harrington, Mr. Reep failed to plead any fact to support the elements of malice. The Court should grant Mr. Harrington a judgment on the pleadings and dismiss the malicious prosecution claims against him.

### 2. ALL OTHER CLAIMS SHOULD BE DISMISSED.

Mr. Harrington is entitled to a judgment on the pleadings pursuant to FRCP 12(c). Mr. Reep's remaining claims are 42 USC § 1983, defamation, abuse of process, negligence, and tort of outrage. The common thread requiring dismissal of all remaining claims is that the statute of limitations has run on each claim.

Plaintiff alleges that the initial actions giving rise to the suit occurred in January through June of 2019. (Doc. 2, ¶¶ 20, 22, 24, 26, 28, 29, and 34). Plaintiff alleges in ¶ 39 of the Complaint that "criminal proceedings were commenced and continued, for approximately three (3) years…." With a timeline spanning approximately three years, a determination must be made as to when the statutes of limitation began—in January through June of 2019 (when the alleged injuries occurred), or approximately three years later? Fortunately, Arkansas law is clear on that point.

"Arkansas does not recognize a 'continuing tort' theory. Instead, the statute of limitations period begins to accrue when there is a complete and full cause of action, and in the absence of concealment or wrong, when the injury occurs, not when it is discovered." ***Luxpro Corp. v. Apple, Inc.***, 658 F. Supp. 2d 921, 929 (W.D. Ark. 2009) (internal citations omitted). The law is clear that the statutes of limitation began running on Plaintiff's tort claims when they first arose, or when the injury occurred—January through June of 2019. To start the proverbial clock three years later would support a continuing tort theory, a theory that Arkansas does not recognize as plausible.

According to Plaintiff's allegations, the clock began running, at the latest, on June 30, 2019, when the actions causing the various alleged injuries occurred. The Complaint was not filed until April 10, 2023. The Complaint was filed three years and ten months after June 30, 2019.

### a. 42 USC § 1983

**i.** 42 USC § 1983 allows citizens to sue state actors. Mr. Harrington is not a state actor, and therefore a § 1983 claim cannot be brought against him. Plaintiff did not list Mr. Harrington in ¶ 48 of the Complaint, where the defendants to the § 1983 claim are listed. Accordingly, Mr. Harrington is entitled to judgment on the pleadings.

**ii.** If § 1983 were to apply to Mr. Harrington, the statute of limitations has run and it should be dismissed. The Supreme Court of Arkansas has stated:

> [f]ederal courts have typically applied the three-year statute of limitations to § 1983 actions. It has long been the law in this state that a three-year statute of limitations applies to all tort actions not otherwise limited by law. A civil conspiracy is an intentional tort. We have held that the tort of outrage is governed by the three-year statute of limitations. Based on the above, all of Hutcherson's claims are subject to the three-year statute of limitations found in Arkansas Code Annotated section 16–56–105(3).

*Hutcherson v. Rutledge*, 533 S.W.3d 77, 80 (2017) (internal citations omitted). Any injury done to Mr. Reep occurred no later than June of 2019 (S*ee* Complaint at ¶ 34). Mr. Reep did not file his Complaint until almost four years later. As a result, Mr. Harrington is entitled to a judgment on the pleadings in his favor.

### b. Defamation

Mr. Reep's defamation claim fails for three reasons: 1) the alleged publication, reporting a robbery to the police, is a privileged communication and therefore not defamatory; 2) Mr. Reep did not adequately plead defamation; and 3) the statute of limitations has run. Defamation has six elements, "(1) the defamatory nature of the statement of fact; (2) the statement's identification of

7

or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) the damages suffered by the plaintiff." *Sawada v. Walmart Stores, Inc.*, 473 S.W.3d 60, 67 (2015).

      **i.** Mr. Reep's first problem with this claim is that the alleged publication was privileged—"A statement may become privileged when made in good faith and in reference to a subject matter in which the communicator has an interest or duty and to a person having a corresponding interest or duty. For example, negligently reporting activity thought to be criminal is usually a privileged communication." *Id.* (internal citation omitted). The alleged defamation was reporting a crime to a police officer. Mr. Reep does not allege that Mr. Harrington made any statement at all. Even if Mr. Harrington had made a police report on behalf of Malco, such statement is privileged. Malco had an interest and a duty in reporting a crime to the police, and the police have an interest and a duty in enforcing crime.

Even if the report to the police was made negligently, doing so is a privileged communication. The fact that it is privileged is important, as "a potentially defamatory communication may not impose liability under the qualified-privilege doctrine." *Id.* Because the alleged defamation occurred in the reporting of a crime to the police, the claim fails under the qualified-privilege doctrine. Since the claim fails, the Court should dismiss the claim.

      **ii.** Even if negligently reporting a crime were defamation, Mr. Reep failed to plead specific facts that demonstrate he "has suffered actual damage to [his] reputation, but has only pled a conclusion to that effect. That is not enough to withstand a Rule 12(b)(6) motion." *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 957 (2002). Failing to plead specific facts regarding actual damage means that a claim of defamation must fail.

The Supreme Court of Arkansas held that:

> [a]ctual damage, of course, is an element of defamation, and Arkansas no longer recognizes the doctrine of defamation *per se* which, under the common law, presumed damage to reputation. Because of [his] failure to plead facts supporting actual damage to [his] reputation, [his] defamation claim was properly dismissed.

*Id.* Injury cannot be presumed, but must be supported with plead facts showing damage to his reputation. Mr. Reep's failure to plead specific facts regarding actual damages means that Mr. Harrington is entitled to a judgment on the pleadings. It is also worth noting that Plaintiff's entire complaint is void of any damages to Plaintiff, factual or otherwise. Instead, the Complaint states on each count that each damage exceeds "a sum required to be plead in accordance to the Fed. R. Civ. Pro." (See Complaint at ¶'s 46, 58, 67, 75, 82, 87, and 90). The problems with this statement are twofold. First, no specific rule is cited. Second, Plaintiff's Complaint was originally filed in an Arkansas state court, not a Federal one.

        **iii.** Finally, the statute of limitations has run on the defamation claim. Defamation can consist of slander or libel. Mr. Reep does not distinguish whether his claims are based in slander or libel. Fortunately, it does not matter, as the statute of limitations has run on both. In Arkansas, the statute of limitation for defamation is laid out in Ar. Code Ann. § 16-56-104(4), which places the limit at one year. The statute of limitation for libel is laid out in Ar. Code Ann. § 16-56-105, which places the limit at three years. ¶ 28 of the Complaint states the Malco was robbed on or about April 28, 2019. ¶ 29 states that a Warrant for Arrest was issued on May 22, 2019. The injury that led to the claim of defamation—reporting a robbery to the police, or publishing a defamatory statement—occurred, at the latest, on May 22, 2019, approximately three years and eleven months before Mr. Reep filed his Complaint. As such, Plaintiff's claim is barred by the statute of limitations and Mr. Harrington is entitled to a judgment on the pleadings in his favor.

### c. Abuse of Process

The statute of limitation on Mr. Reep's abuse of process claim has passed. Abuse of process is a tort. *Bugg v. Honey*, 636 S.W.3d 359, 366 (2021). A three-year statute of limitations applies "to all tort actions not otherwise limited by law." *O'Mara v. Dykema*, 942 S.W.2d 854, 858 (1997). Because the Plaintiff brought his claim more than three years after the actions giving rise to the abuse of process, the claim is barred.

There are three elements required for abuse of process, "(1) a legal motion was set in motion in proper form, even with probable cause and ultimate success; (2) the procedure was perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of proceedings." *Born v. Hosto & Buchan, PLLC*, 372 S.W.3d 324, 331 (2010). The Arkansas Supreme Court has stated, "[i]n short, the key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed." *Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 232, 238, 980 S.W.2d 240, 243 (1998).

Mr. Reep claims that Malco used criminal charges against him in order to cease EEOC proceedings. (*See* Complaint at ¶ 72). According to the Complaint, things were set in motion in May of 2019, when a warrant was issued (¶ 29). The EEOC terminated proceedings on November 13, 2019. (*See* Exhibit 1). Mr. Harrington requests that the Court take judicial notice of this agency record. Plaintiff filed his Complaint more than three years after the EEOC proceedings were terminated. Any alleged action taken by Mr. Harrington during the proceedings falls beyond that statute of limitation. Mr. Harrington is entitled to a judgment on the pleadings in his favor.

### d. Negligence

Mr. Reep's claim for negligence must be dismissed for failing to allege any facts that, if true, would prove a duty owed to him by Mr. Harrington, and because the claim itself has passed the statute of limitations. The elements of a negligence claim are:

> (1) the existence of a duty on the part of the defendant to conform to a specific standard of conduct to protect the plaintiff; (2) breach of that duty by the defendant; (3) injury to the plaintiff actually and proximately caused by the defendant's breach; and (4) resulting damages to the plaintiff or his property.

*Cross v. W. Waste Indus.*, 469 S.W.3d 820, 825 (2015) (internal citation omitted).

**i.** Mr. Reep does not allege any duty owed to him by Mr. Harrington. With no existence of a duty, the first two elements cannot be satisfied and the claim must fail. If no duty of care is owed, dismissal is appropriate. *Duran v. Sw. Arkansas Elec. Coop. Corp.*, 537 S.W.3d 722, 727 (2018).

**ii.** Even if the Court finds that Mr. Reep alleges that a duty was owed, Mr. Reep's claim is barred by the statute of limitations. Any actions of alleged negligence caused by an injury arising from a breach of duty occurred by June 30, 2019 (See Complaint ¶34). Negligence is a tort. Arkansas applies a three-year statute of limitation to claims arising out of a tort. *O'Mara,* 942 S.W.2d at 858. Mr. Reep filed his Complaint more than three years after the actions from which his claim arises. The claim is barred by the statute of limitation, Mr. Harrington is entitled to a judgment on the pleadings in his favor.

### e. Tort of Outrage

Plaintiff's claim for the tort of outrage must be dismissed for two reasons. First, Plaintiff did not allege facts to support the elements for the tort of outrage, or plead specific facts that

support his claim.  Second, the statute of limitations has run.  The elements for the tort of outrage are:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Crockett v. Essex*, 19 S.W.3d 585, 589 (2000) (internal citations omitted).

**i.** Mr. Reep does not allege any intention on the part of Mr. Harrington to inflict any sort of distress, nor does he allege that any emotional distress occurred, let alone any emotional distress that was so severe that no reasonable person could be expected to endure it.  Merely stating the conclusory allegation that Mr. Harrington's conduct was outrageous and that the Plaintiff suffered emotional distress does not meet the elements.  *Id*.  Without these elements, his claim must fail.

**ii.** Even if Mr. Reep had alleged facts to support the elements, Mr. Harrington is entitled to a judgment on the pleadings.  The claim is being brought after the statute of limitation has run.  Any of Mr. Harrington's alleged actions that could have given rise to this claim occurred by June 30, 2019 (See Complaint ¶34).  Tort of Outrage is a tort.  The three-year statute of limitation applies to claims arising out of a tort.  *O'Mara,* 942 S.W.2d at 858.  Mr. Reep filed his complaint more than three years after the events from which his alleged claim arises.  He is barred from bringing the claim and the Court should grant Mr. Harrington a judgment on the pleadings.

## CONCLUSION

Mr. Harrington is entitled to a judgment on the pleadings on Mr. Reep's Complaint. This Court does not have personal jurisdiction over Mr. Harrington. Allowing Mr. Reep to bring his claims in this Court would violate Mr. Harrington's constitutional right to due process.

Even if the Court does not dismiss Mr. Harrington in any or all capacities, all claims can be dismissed on multiple grounds. The Complaint was not plead in a sufficient factual manner, and the statute of limitations has run on all but one of the claims. As such, Mr. Reep's Complaint lacks any legal foundation. Mr. Harrington is entitled to a judgment on the pleadings against Mr. Reep on all claims pursuant to Federal Rules of Procedure 12(c).

Respectfully submitted,

**DINKELSPIEL RASMUSSEN & MINK, PLLC**

*/s/J. Malachi Baggett*
Robin H. Rasmussen
J. Malachi Baggett
1669 Kirby Parkway, Suite 106
Memphis, Tennessee 38120
Tel: (901) 754-7770
Facsimile: (901) 756-7772
rrasmussen@drmlawmemphis.com
**ATTORNEYS FOR THE DEFENDANT MR. HARRINGTON INDIVIDUALLY AND IN HIS CAPACITY AND ASSOCIATION WITH MALCO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the Defendant on the 27th day of February, 2024 via Email to the addresses below:

Charles C. Gibson, III:   ccgiii@gibsonandkeith.com;

Jenna Adams :   jenadams@arml.org, rblankenship@arml.org

Priscilla Copelin-Neeley:   pcneeleylaw@hotmail.com


_/s/J. Malachi Baggett_

K:\Malco\Reep, Jason - LAWSUIT\FEDERAL PLEADINGS\Motion for Judgment on the Pleadings\MJP Memo-Robert.docx